## Grote Estate

*Robert B. Tucker,* for trustee.
*John C. Hanna,* for objectant.

ROSS, E., J., August 3, 1982—The court has before it pleadings which raise the question of whether under the circumstances of this case the court may permit the Pittsburgh National Bank, trustee of the Trust Estate of Frederick C. Grote, Deceased, no. 4628-A of 1954, to withdraw its supplemental petition for distribution to which is attached a supplement to the second and partial account covering the period August 17, 1979 to March 4, 1982, a time of extensive litigation finally resolved by opinion dated February 19, 1982.

Income beneficiary Dorothy Grote Voss objected to the supplemental petition for distribution and the supplement to the second and partial account on the grounds that the filing is not authorized by the rules of this court, that there is no purpose for the account and that items contained therein should be part of the future third account.

After receipt of the objections, the accountant petitioned the court for leave to withdraw the supplemental petition and its annexed account on the ground that the trust would not be benefited by litigation on a procedural issue when the instant case was the subject of three years' prior court proceedings. Objectant filed an answer contending Grote Trust, 2 Fiduc. Rep. 2d 7, mandates the filing of the supplements and the court may not in its discretion permit withdrawal under the circumstances of this case. The trustee's reply to new matter denied laches or any prejudice to objectant by the filing of the petition for leave to withdraw and asserts the court has discretion under the facts of this case to permit withdrawal.

Grote Trust, supra, directed the Union National Bank, trustee of another trust established by the set-

tlor, after extensive litigation to bring its account up to date as an exhibit to a supplemental petition for distribution. This opinion was in accord with the practice in this jurisdicition when there is a long delay between the filing of the account and the entry by the court of a decree of distribution so that the assets awarded by the decree are those actually held by the trustee at distribution time.

In the matter before the court the objectant has objected to the up-dated account, properly filed at the direction of the court, on the ground it is procedurally unsound to file a supplemental account and petition. The trustee, foreseeing another period of litigation on the procedural question, asks the court to permit it to withdraw the supplements so that there may be an end to the second and partial accounting without more court proceedings. Objectant responds that this court has no discretion to permit the withdrawal even though now the trustee is willing in the interests of ending litigation not to up-date its second account.

No prejudice can result to objectant by permitting withdrawal. She may always object to transactions now in the supplemental account when the third account is filed. Under the peculiar circumstances of this case where both parties agree to a procedure contrary to the usual procedure followed in this court and recognizing that any local rule of procedure not affecting substantive rights of the parties may be waived if not contrary to statute or rule of the Supreme Court, the court will approve the prayer of the trustee's petition for leave to withdraw the supplemental petition for distribution and the supplemental account. This renders the objections to the supplements moot and they will be dismissed on those grounds.

## ORDER OF COURT

And now, August 3, 1982, for the reasons cited in the opinion filed contemporaneously herewith,

It is ordered, adjudged and decreed that the prayer of the petition of the Pittsburgh National Bank, trustee, for leave to withdraw its supplemental petition for distribution and the supplement to the second and partial account is hereby granted;

It is further ordered, adjudged and decreed that objections S-1 through S-4 filed by Dorothy Grote Voss to the supplemental petition for distribution and supplement to the second and partial account are hereby dismissed as moot;

It is further ordered that the opinion dated February 19, 1982, be modified to eliminate the last sentence requiring an up-dated account and supplemental petition for distribution; and

It is ordered that the trustee submit a proposed decree of distribution based upon the second and partial account and the opinion dated February 19, 1982, as modified by deleting the last sentence thereof.